# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 28, 2010

No. 09-31089

Lyle W. Cayce
Clerk

ELLA J. GAUTHIER,

Plaintiff - Appellant

v.

HORACE MANN SERVICE, CORP.,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:08-CV-616

Before JONES, Chief Judge, and KING and HAYNES, Circuit Judges.

PER CURIAM:[*]

Horace Mann Service Corporation agent Ella Gauthier appeals the district court's grant of summary judgment on her discrimination claim arising from Horace Mann's allegedly racially discriminatory reassignment of insurance policies to Gauthier and others after the originating agents were laid off. We AFFIRM.

Gauthier was and continues to be an insurance agent for Horace Mann in Lake Charles, Louisiana. Pursuant to a 2006 reorganization, Horace Mann

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-31089

restructured its offices and laid off several agents in Louisiana, including agents Margaret Miller and Batson Stevens. As a result of the layoffs, policies previously being serviced by various agents such as Miller and Stevens had to be reassigned. Gauthier contends that she received almost all of Stevens's policies and considerably fewer of Miller's policies because both she and Stevens are African-American, while Miller and the other agent who received some of Miller's policies are white. She contends that this reassignment damaged her because Miller's policies were "more valuable" than those of Stevens.

In ruling on Horace Mann's summary judgment motion, the district court concluded that Gauthier failed to present any direct evidence of discrimination and also failed to make a prima facie case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Applying the *de novo* standard of review,[1] we agree.

Gauthier's "direct evidence" of discrimination consists of the following: (1) the fact that she was reassigned almost all of the policies of an African-American discharged agent but far fewer from a white discharged agent; and (2) the comment of the supervisor who conducted the reassignment that "none of the [clients reassigned to the other agent] wanted to do business with her [and that] she could get additional policies from across the river." This evidence does not constitute "direct evidence" of discrimination because finding discriminatory intent from this evidence requires making inferences. *Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 992 (5th Cir. 2005) ("Direct evidence is evidence which . . . proves the fact without inference or presumption.").

Gauthier also fails to make a prima facie case under *McDonnell Douglas* because she failed to provide competent summary judgment evidence showing

---

[1] "[This court] review[s] a district court's grant of summary judgment *de novo*, applying the same standards as the district court." *Pegram v. Honeywell, Inc.,* 361 F.3d 272, 278 (5th Cir. 2004).

No. 09-31089

that she suffered an adverse employment action.  *See McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (stating that an employee must show, among other things, that she suffered an adverse employment action to make a prima facie case).  It is undisputed that Gauthier is still employed by Horace Mann and that she is making (far) more money than she made prior to the challenged reassignments.

Gauthier nevertheless likens her case to *Fierros v. Tex. Dep't. of Health*, 274 F.3d 187, 194 (5th Cir. 2001) where we held that a complete denial of a pay raise can be an adverse employment action.  Gauthier, however, was not denied a pay raise—she greatly increased her compensation after receiving almost all of Stevens's policies and, by her own calculations, more than one-third of those from Miller.

We conclude that the district court did not err in its determination that Gauthier did not suffer an adverse employment action.  We thus need not reach the question of whether Horace Mann's proffered non-discriminatory reason for the reassignments—that they were based on zip codes—was pretextual.

AFFIRMED.